IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO.   1:11-CR-585-03 |
| v. | ) | |
| | ) | Sentencing Date: May 4, 2012 |
| DERICK RAMON FRAZIER | ) | |
| | ) | The Honorable Claude M. Hilton |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING AND
MOTION FOR A ONE LEVEL REDUCTION PURSUANT TO U.S.S.G. § 3E1.1(b)**

The United States of America hereby submits its position on the sentencing of the

defendant Derick Ramon Frazier, and moves for a one-level reduction in the defendant's offense

level pursuant to Sentencing Guideline Section 3E1.1(b).  The United States asks the Court to

impose a sentence of **324 months**, which is at the low end of the properly calculated Sentencing

Guidelines range of **324-405 months.**  Such a sentence appropriately accounts for each of the

factors set forth in 18 U.S.C. § 3553(a).

## BACKGROUND

On February 2, 2012, the defendant pled guilty to Count One of a three-count criminal

indictment, which charged a violation of  Title 21, United Stated Code, sections 841(a)(1) and

846, conspiring to possess with the intent to distribute greater than 280 grams of Cocaine Base

and Greater than 500 grams of Cocaine.  The other counts were dismissed.

The defendant admitted to regularly purchasing cocaine from other co-conspirators,

cooking it into crack, and distributing it in the Eastern District of Virginia and elsewhere.  The

defendant recruited others into the scheme, including his girlfriend at the time, Alleina Griffiths.

The defendant also possessed a handgun during and in furtherance of his drug trafficking

activity.  The defendant admitted to distributing more than 8.4 kilograms of cocaine base.

Under the Sentencing Guidelines, the defendant's offense of conviction is governed by Section 2D1.1. Pursuant to Sections 2D1.1(a)(1)(5) and 2D1.1(c), the base offense level for this offense is 38, as the defendant distributed more than 8.4 kilograms of cocaine base. The defendant receives a two-level enhancement for possessing a firearm in furtherance of this crime. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1).  Because the defendant recruited others into the scheme, the probation office recommended a three-level increase in the offense level for the defendant's role in the offense.  U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(b). The defendant timely pled guilty and truthfully admitted his role in the charged conduct.  Thus, the Government agrees that the defendant is entitled to a two-point reduction in sentence for acceptance of responsibility.  *See* U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.3 (2010).  Moreover, because the defendant's offense level is greater than 16, the government hereby moves for an additional one-level reduction pursuant to Section 3E1.1(b).

The maximum penalty for this offense is a maximum term of life in prison, a mandatory minimum term of imprisonment of ten (10) years, a maximum fine of $10,000,000, a special assessment, and a minimum term of five years of supervised release.  The Defendant is in Criminal History Category II.  Accordingly, the Defendant's Total Offense Level is **43**, **Criminal History II**, for a Guideline range of **324-405 months**.

## ARGUMENT

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (E.D.Va 2005) ("Justice

Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker*, 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

**I.   A Sentence of 324 Months Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying these sentencing factors to the facts of this case demonstrates that a sentence of **324**

**months** incarceration is appropriate and reasonable.

*Nature and Circumstances of the Offense*:  Congress has recognized that the distribution of cocaine and cocaine base are serious offenses by imposing stiff penalties – the defendant faces a maximum sentence of life imprisonment, and a mandatory minimum of ten years.  Cocaine use and abuse imposes significant costs on individuals, families and communities, including the costs associated with medical treatment, substance abuse and mental health treatment, law enforcement, and corrections. This is especially true here, where the volume of cocaine base distributed by the defendant is so large – the defendant admitted to conspiring to distribute more than 8.4 kilograms of cocaine base.  Much of this cocaine base was distributed through the defendants own actions – he bought large quantities of cocaine each week, cooked it into crack cocaine, and sold it.  A typical user of cocaine base ingests one-half gram of cocaine base at a time.  Thus, it is likely that the defendant's actions afflicted thousands of persons in the community.

The defendant also played a critical role in the charged conspiracy.  The defendant was one of the primary individual in the conspiracy cooking cocaine into cocaine base.  In addition, the defendant recruited other co-conspirators, such as his girlfriend Alleina Griffith and Walter Henderson.  Thus, the defendant had a critical role in the size and scope of the charged conspiracy.

*History and Characteristics of Defendant*: The defendant has numerous prior convictions. The defendant was previously convicted for nearly the exact same offense charged in the indictment, and, when on supervised release for that violation, he distributed cocaine base again.   In 1999, the defendant was sentenced to 121 months incarceration after pleading guilty

to conspiring to distribute cocaine and cocaine base in South Carolina. The defendant would buy five to six ounces of crack cocaine each week, which he would distribute to others. He did this for eighteen months. In 2004, after he was released from prison (his sentence was reduced pursuant to Rule 35), he violated his supervised release by selling crack to a confidential informant. After moving to Virginia, the defendant's illegal conduct continued – as part of the conspiracy charged in the indictment, the defendant was purchasing thirty-one grams of cocaine each week and cooking it into approximately 45 ounces of cocaine base.

_Deterrence_: A substantial sentence is important, both for general and specific deterrence. The defendant entered into a conspiracy to distribute significant quantities of cocaine and cocaine base. Regarding specific deterrence, the defendant's prior incarceration was insufficient to deter him from future criminal conduct. A substantial sentence is necessary to prevent the defendant from continuing to sell crack - indeed, it is unclear that any sentence will deter the defendant from selling crack, when a previous ten year sentence, and the supervision of the probation office, did not do so. Regarding general deterrence, a substantial sentence is necessary to ensure that others who with to sell cocaine and crack are deterred. Large amounts of narcotics like crack and cocaine have devastating effects on surrounding communities. In order to deter others from selling such narcotics, a substantial sentence is warranted.

## **CONCLUSION**

For the above-stated reasons, the United States submits that a sentence of **324 months**

incarceration is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).


Respectfully submitted,

Neil H. MacBride
United States Attorney


_____/s/_____
Andrew Peterson
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700
Fax: 703-299-3980
Email Address: andy.peterson@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of April 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

John Machado, Esq.
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001

And I hereby certify that I have sent the foregoing by email to the following:

Tracy M. White
U.S. Probation Officer
Alexandria, VA 22314
tracey_white@vaep.uscourts.gov

_____/s/_____
Andrew Peterson
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700
Fax: 703-299-3980
Email Address: andy.peterson@usdoj.gov